**HOMECRAFT–BUILDERS, INC.**

v.

**Manuel SANTOS**

v.

**T.H.B. ASSOCIATES, INC. et al.**

**No. 97–166–Appeal.**

Supreme Court of Rhode Island.

June 16, 1998.

---

Patricia A. Murray, Cranston, for Plaintiff.

Lewis J. Paras, Warwick, Ralph Sweet, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on May 11, 1998 pursuant to an order directing the parties to appear and show cause why the issues raised in the appeal of Manuel Santos (Santos) from a Superior Court order dis-

missing his third-party complaint and a Superior Court order releasing funds held in the court registry should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in Santos's appeal will be decided at this time.

Homecraft–Builders, Inc. (Homecraft), filed suit in the Rhode Island District Court against Santos on October 8, 1991, alleging that Santos owed it $6,466 for work performed pursuant to a home-construction contract. Santos counterclaimed in his answer, alleging defective workmanship. Santos also filed a third-party complaint against T.H.B. Associates, Inc. (T.H.B.). That complaint alleged in part that the funds obtained from the sale of property in Warwick, which amounted to $20,000, should be applied to satisfy the claims between the parties. On February 14, 1992, the parties agreed to deposit $20,000 into the registry of the District Court pending resolution of the lawsuit.

On June 30, 1992, judgment by consent for Homecraft was entered by stipulation on Homecraft's original complaint. According to the stipulation, Santos's counterclaim and third-party complaints were withdrawn without prejudice. Santos appealed the judgment stipulation to the Superior Court, and the funds deposited in the District Court's registry were transferred to the Superior Court's registry.

On September 16, 1992, an "order of merger" was entered in the Superior Court which provided that "[t]he Pleadings entered by the Defendant Manuel Santos in the District Court Action Number 91–2783 shall stand as if fully pleading in the above entitled cause."[1] On September 25, 1996, a trial justice in the Superior Court entered an order granting motions by Homecraft and Ralph Sweet (Sweet), the third-party defendant, for the return of the deposit of funds in the court registry. The trial justice, at the same time, granted Homecraft's and Sweet's

---

1. An amended order of merger was entered on September 21, 1992, but there were no material changes.

motions to dismiss the third-party complaint filed by Santos. In dismissing the third-party complaint, the trial justice noted that the judgment stipulation entered into by the parties in the District Court discontinued Santos's third-party complaint and that the order of merger did not revive the complaint. Santos appealed from the granting of the motion to dismiss and the motion for release of funds. We reverse.

■ Rule 81(b) of the Superior Court Rules of Civil Procedure provides that

"[r]epleading is not required of either party in a civil action certified on appeal from a District Court unless the court so orders. Within 10 days after the action has been certified on appeal the plaintiff may serve an amended complaint to which the defendant shall respond under these rules. If there has been no repleading by the plaintiff within 10 days after certification on appeal, the defendant within an additional 10 days may present any additional defenses or counterclaims by motion or answer as provided in these rules. Thereafter amendments shall be permitted in accordance with these rules. In the absence of repleading all claims and defenses available to the parties in the District Court shall remain available on appeal."

■ Thus, when a case is appealed from the District Court to the Superior Court, the pleadings originally pleaded in the District Court need not be repleaded. This case presents a particular problem, however, since the counterclaim and the third-party complaint were dismissed without prejudice in the District Court prior to the appeal of the action to the Superior Court. Notwithstanding that dismissal, however, we conclude that Santos's motion to merge the pleadings from the District Court action into the Superior Court action, however inartfully made to the court, demonstrated his intent to replead his counterclaim and third-party complaint in the Superior Court.[2] We conclude, therefore, that the Superior Court trial justice's granting of that merger motion acted to revive Santos's counterclaim and third-party com-

plaint and to make them part of the Superior Court action.

Furthermore, we note that reviving the third-party complaint and counterclaim does not prejudice any of the parties because the former third-party defendant, T.H.B., is now a party in the Superior Court action as a party plaintiff and is in fact now represented by the same attorney as the plaintiff, Homecraft.

Accordingly, for all the foregoing reasons Santos's appeal is sustained and the judgment appealed from is reversed. The funds in the amount of $20,000, if taken from the registry of the court, are ordered to be returned. The papers in this case are remanded to the Superior Court for further proceedings in accordance with this opinion.

---

2. We note that there is no provision in the Superior Court Rules of Civil Procedure for a "motion to merge pleadings."